## CLARK *versus* MANN.

Under a plea of *nil debet* to an action upon a judgment, recovered in another State, payment may be proved.

Upon such an issue, a receipt, signed by the plaintiff, acknowledging the payment, may be introduced, as at least *prima facie* evidence, though it be not under seal.

REPORT from the District Court.

The plaintiff had brought an action against the defendant, before a Court in Massachusetts, and the officer had returned upon the writ in that suit, as follows : —

· "By virtue of this writ, I attached the property in the rooms occupied by the within named Mann, consisting of office furniture, vials, &c., and placed the same in custody of a keeper, but subsequently was directed by plaintiff and plaintiff's at-

Clark *v.* Mann.

torney to discharge the keeper and leave the property in rooms where I found it on the day of attachment; and on the 17th day of June, 1847, I left a summons in the rooms occupied by said Mann, it being his only, last and usual place of abode in Boston, that I know of."

Judgment was recovered against the defendant on default, and this is an action of debt upon that judgment. *Nil debet* is pleaded. Whether upon such showing, the plaintiff is entitled to recover is submitted, as a "legal question." The defendant then proved, (against the objection of the plaintiff,) that he has had no family, and at the time of the supposed service of the writ in Massachusetts, he resided in this State, and was at home here, and nothing in the case, (except said supposed service,) shows that he had, between that time and the rendition of said judgment, been within that Commonwealth, or had any knowledge of the suit. This point is also submitted as a legal question.

The defendants then offered to prove that, after the rendition of said judgment, he paid to the plaintiff the claim upon which the judgment was founded, and for that purpose offered a receipt, though not under seal, signed by the plaintiff. This was objected to ; and this point is also submitted as "a legal question."

*Foster*, for the plaintiff.

1. Under the plea of *nil debet*, the defendant cannot deny jurisdiction of the Court in Massachusetts.

2. The return on the writ shows that the Court had jurisdiction, and that judgment was properly rendered.

3. The evidence to show residence of the defendant, in Maine, and the evidence to show payment, were not admissible.

*Abbott*, for the defendant.

SHEPLEY, C. J., orally.

1. *Nil debet* is pleaded. There are diversities of rulings among the States, in the matter of foreign judgments, and as to the forms of pleading in suits on judgments recovered in

another State.    Upon this point, it is, in this case, unnecessary to offer an opinion.

2. It is not sufficiently shown that the Court in Massachusetts had any jurisdiction of the defendant's person or property.

3. Payment may be proved under a plea of *nil debet.*

A receipt, though not under seal, is at least *prima facie* evidence of payment.                *Judgment for the defendant.*